state with jurisdiction and authority to examine into and declare the mental incompetency of any person alleged to be mentally incapable of managing his property, and section 1452, Comp. Stats. 1921, vests the same court with jurisdiction and authority to restore such person to his mental capacity, and it appears that in the jurisdictions of the cases above cited no such specific authority is conferred, consequently a court of equity may properly assume jurisdiction.

Under the ruling laid down in Yarhola v. Duling, supra, the present action could be maintained by the next friend, under the allegations of the petition, notwithstanding the existence of the guardianship, but when the county court restored the incompetent to competency, neither the guardian nor the next friend had any further jurisdiction to prosecute the action over the objection of the former incompetent, and, beyond question, the county court had the jurisdiction and authority to inquire into the mental status of the incompetent, and if found to be competent, to so enter its judgment.

In Chaloner v. Sherman, 215 Fed. 807, it is said in paragraph 10 of the syllabus:

"Where a person who had been adjudged insane has recovered, such fact must be brought to the attention of, and application for relief made to, the court of original jurisdiction."

Then, having been restored to her capacity by the sole tribunal vested with jurisdiction and authority to do so, she is authorized under section 665, Comp. Stats. 1921, to dismiss the action.

Therefore, however reluctant we are to do so, we are forced to the conclusion that the trial court committed no error in overruling plaintiff's motion to strike and in sustaining the dismissal.

All the Justices concur.

Note.—See under (1) 34 C. J. p. 545 § 844; 17 R. C. L. p. 881; 3 R. C. L. Supp. p. 503; 4 R. C. L. Supp. p. 1022. (2) 32 C. J. p. 771 §§ 588 (Anno) 589; 14 R. C. L. p. 611; 3 R. C. L. Supp. p. 256.

---

## DAVIS v. CONE et al.

No. 16117—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS, J. The statement of facts, in substance, and the questions of law involved herein are identical with those in the case of Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, v. R. H. Cone et al., No. 16119, this day decided by this court, and the opinion and syllabus of said case are adopted herein. (See 114 Okla. 151, 244 Pac. 447.)

---

## WHITE v. CONE et al.

No. 16118—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Floyd White, an incompetent, by Thomas F. Shaw, his next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS, J. The statement of facts, in substance, and the questions of law involved herein are identical with those in the case of Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, v. R. H. Cone et al., No. 16119, this day decided by this court, and the opinion and syllabus of said case are adopted herein. (See 114 Okla. 151, 244 Pac. 447.)

---

## WHITE v. CONE et al.

No. 16120—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

Action by Floyd White, an incompetent, by Thomas F. Shaw, his next friend, against R. H. Cone and others. Judgment for defendants, and Shaw appeals. Affirmed.